# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shad Kendall Knight,<br><br>　　　　Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>　　　　Respondents. | No. CV-14-02080-TUC-DCB<br><br>**ORDER** |

REPORT AND RECOMMENDATION: ADOPTED

This matter was referred to Magistrate Judge Eric J. Markovich on September 11, 2014, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). On July 14, 2017, Magistrate Judge Markovich issued a Report and Recommendation (R&R). He recommends that the Court deny the Petition for Writ of Habeas Corpus filed by Petitioner Knight on May 7, 2014.

In a detailed Order, he recommends dismissal on the merits as follows: Ground One and Ground Two, sub-claims one and two, should be denied because Petitioner failed to show that state court decisions were contrary to clearly established federal law, were an unreasonable application of such law, or were based on an unreasonable determination of facts. Ground Three should be denied because the admission of other bad acts evidence did not render the trial fundamentally unfair. Ground Four, sub-claims one, two, and three, should be denied because Petitioner failed to establish a violation of *Strickland v. Washington,* 466 U.S. 668 (1984). He recommends the Court find that

Ground Two, sub-claim three, and Ground Four, sub-claim four, are procedurally barred.

The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court and denies the Petition filed pursuant to 28 U.S.C. § 2254.

## STANDARD OF REVIEW

The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Where the parties object to the R&R, "'[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)).

This Court's ruling is a de novo determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; see 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also*, Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the objections filed by the Petitioner, and the parties' briefs considered by the Magistrate Judge in deciding the habeas Petition.

OBJECTIONS

The Petitioner objects to the Magistrate Judge's determination regarding sufficiency of the evidence. He argues that there was no "evidence, proof, witnesses" that placed him at the murder scene or that showed he left the Hall's residence, stole their vehicle and drove it to the murder scene—he seeks evidence like street and security camera videos. He objects to the Magistrate Judge's finding there was no prosecutorial misconduct. He refers to "all the lies, hearsay, conjecture, and withholding of exculpatory evidence," such as: DNA evidence on victim's clothes, street and security cameras, that there was a meeting with a mediator on February 5, 2007, and the prosecutor lied that there was a divorce court hearing that day, and the victim's involvement in illegal drug activities. He objects and argues that the trial court improperly admitted other bad acts evidence. He alleges he had ineffective assistance of trial counsel because his attorney made deals with the prosecution to withhold evidence of the victim's alleged illegal activities and witnesses to those activities without his knowledge, withheld evidence of detective Hogan's past bad acts, and denied him the right to take the witness stand. (Objection (Doc. 24)).

Insufficient evidence: The Magistrate Judge correctly notes that Petitioner fairly presented this claim to the state courts. He recommends this Court defer to the Arizona Court of Appeals determination that there was sufficient evidence to support his murder conviction. Such deference is required, pursuant to 28 U.S.C.A. § 2254(e)(1), unless

- 3 -

Petitioner shows the state court's determination that a rational jury could have found there was sufficient evidence of guilt beyond a reasonable doubt was objectively unreasonable. (R&R (Doc. 23) at 13) (citations omitted). The Magistrate Judge considers the Petitioner's criticism of the shoe print evidence, witnesses and alibi evidence, and forensic (DNA) evidence. He applies the correct legal standard, *Holland v. Jackson,* 542 U.S. 649, 655 (2004), to determine that in viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. He correctly notes that this Court is not free to make its own de novo determination of guilt or innocence. Rather, it must give full play to the responsibility of the jury to resolve evidentiary conflicts, to weigh the evidence, and to draw reasonable inferences from basic fact to the ultimate fact of guilt.

This Court adopts the explanation and reasoning of the Magistrate Judge as follows: the shoe print evidence was inconclusive, and a reasonable jury could have found that the defendant either wore a smaller size shoe or left no prints at all; the Hall's alibi testimony was qualified, and a jury could have concluded that Knight left the house after the Hall's went to bed, could have taken the Hall's truck without them knowing and returned before morning; there was blood found in the Hall's truck and it could have matched the victim. There was also witness evidence that a truck that looked like the Hall's Dakota was parked outside the victim's home on the night of the murder. This Court, like the Magistrate Judge and like the state appellate court, cannot say that no rational trier of fact could have found Petitioner guilty beyond a reasonable doubt. Absolutely, there was conflicting evidence, but it is up to the jury to resolve such conflicts and neither the state appellate court nor this Court may reweigh the evidence. The state appellate court's finding that there was sufficient evidence to support the guilty verdict is not objectively unreasonable. In sum, the Petitioner has not shown that he is

being held in violation of the laws or constitution of the United States. (R&R (Doc. 23) at 11-22.)

Prosecutorial Misconduct: The Petitioner's claim that the prosecutor withheld exculpatory evidence such as the victim's clothes and information given to the mediator, etc., that he raises, here, on objection were those raised in sub-claim three of Ground Two, which the Magistrate Judge recommends this Court should find are procedurally barred. He explains that Petitioner did not fairly present these arguments in either his direct appeal or in his Rule 32 petition. The Petitioner makes no objection to the Magistrate Judge's procedural recommendation. The substantive arguments he makes in his objection are unexhausted. The Arizona Rules of Criminal Procedure regarding timeliness and preclusion now prevent exhaustion, and they are procedurally defaulted. *Id.* at 23-25.

Bad Acts Evidence: Petitioner presented this claim to the state courts, and therefore the Arizona Court of Appeals' finding that other bad acts evidence was properly admitted to show motive and opportunity is entitled to dereference to the extent this Court can even reach this issue. Federal habeas relief does not lie for errors of state law. "'It is well settled that a state court's evidentiary ruling, even if erroneous, is grounds for federal habeas relief only if it renders the state proceedings so fundamentally unfair as to violate due process.'" (R&R (Doc. 23) at 35 (quoting *Spivey v. Rocha,* 194 F.3d 971, 977-78 (9th Cir. 1999)). Like the Arizona Court of Appeals, this Court rejects Petitioner's argument that the only issue contested at trial was identity because he denied he committed the crime. The parties agreed the other bad acts evidence was not relevant to show intent. Motive and opportunity are, however, relevant to show identity, and the prior bad acts admitted by the trial court, such as his statements about wishing her dead, his behavior during the divorce proceedings, and disabling her gate's automatic control

mechanism which forced her to exit her car where she was attacked, went to establish motive and opportunity. Like the state appellate court, this Court finds no error in admitting the prior bad acts. Accordingly, this Court finds the admission of them did not render the trial so arbitrary and fundamentally unfair that it violated Petitioner's due process rights. *Id.* at 36-39.)

Ineffective Assistance of Trial Counsel: Petitioner asserts his trial attorney made a deal with the prosecutor to not admit the victim's illegal activities, Officer Hogan's past bad acts, and prevented him from taking the witness stand. Only the latter issue was fairly presented to the state courts. The other two substantive arguments the Petitioner makes on objection to the Magistrate Judge's R&R are unexhausted and procedurally barred. (R&R (Doc. 23) at 40-41.)

As noted by the Magistrate Judge, the question of whether trial counsel provided ineffective assistance in respect to recommending the defendant not testify at trial is assessed under *Strickland v. Washington,* 466 U.S. 668, 684-85 (1984). The Arizona Court of Appeals' determination that there was no ineffective assistance of counsel is afforded a double dose of deference under the AEDPA. The Court applies this doubly-deferential standard to the Petitioner's assertion that his trial counsel interfered with his right to testify by conducting a mock cross-examination to discourage him from testifying. *Id.* at 41-43.

On the Rule 32 Petition, the trial court held a two-day evidentiary hearing on the question. The trial court found the defendant admitted that he chose to follow the advice of counsel to not testify at trial. The trial court found he had ample opportunity to inform the judge at trial that he wanted to testify, but remained silent. The court denied the Rule 32 Petition on this issue because "'the case law is clear . . . that a Defendant must make his position known at trial.'" (R&R (Doc. 23) at 49) (citation omitted). The court denied

relief. On review, the Arizona Court of Appeals refused to reweigh the testimony from the Rule 32 evidentiary hearing. It is not the province of this Court to reweigh it either. *Id.* at 49-50.

The Petitioner testified at the Rule 32 evidentiary hearing that he wanted to testify to bring up the victim's illegal drug activities. His counsel, however, recommended against it when he got flustered during their mock examination. He told his attorneys that he still wanted to testify but "'you're my attorney so you make the call.'" *Id.* at 53 (citation omitted). According to Petitioner, he found out that his attorney and the prosecutor agreed to not bring up the victim's prior drug activity with another witness and then he wanted to testify, but his attorney told him that he could not take the stand to introduce it. Both his attorneys testified that they understood the defendant was in agreement to not take the witness stand, and he did not ask to testify during the trial. *Id.* at 52-54.

"Based on this testimony, the PCR court could have reasonably determined that Petitioner made his own decision not to testify and that trial counsel was not ineffective for allegedly interfering with that right." *Id.* at 54. At most, Petitioner was conflicted about whether or not he should testify, but he fails to establish that counsel prevented him from testifying against his wishes. *Id.* The Court agrees. The Petitioner has not shown that the Arizona Court of Appeal's decision affirming the Rule 32 denial of relief on this claim was an objectively unreasonable application of *Strickland.*

## CONCLUSION

After de novo review of the Petitioner's objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in the R&R for determining the pending habeas petition. The Court adopts the R&R, and for the reasons stated in it, the Court denies the Petition for Writ of Habeas Corpus.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record in respect to the objections, the Magistrate Judge's Report and Recommendation (Doc. 23) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is DENIED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

**IT IS FURTHER ORDERED** that in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability, pursuant to Rule 11(a) of the Rules Governing Section 2254 cases, because the Petitioner failed to make a substantial showing of the denial of a constitutional right, and reasonable jurists would not find the Court's procedural rulings debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 31st day of August, 2017.

_____
Honorable David C. Bury
United States District Judge